# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| Mark S., | ) |
|     *Plaintiff*, | ) |
| | ) Case No. 18 CV 50276 |
| v. | ) |
| | ) Magistrate Judge Lisa A. Jensen |
| Andrew Marshall Saul, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|     *Defendant*. | ) |

## MEMORANDUM OPINION AND ORDER[1]

Plaintiff Mark S. brings this action under 42 U.S.C. § 405(g) seeking a remand of the decision denying him social security benefits.[2] For the reasons set forth below, the Commissioner's decision is affirmed.

## I. Background

In September 2015, Plaintiff filed an application for disability insurance benefits, alleging a disability beginning on December 1, 2012 due to his fibromyalgia and extreme exhaustion. Plaintiff worked for 33 years, until he retired on December 1, 2012, as a service inspector for the city of Rockford's water utility department. Plaintiff reported suffering from symptoms of chronic fatigue syndrome ("CFS") for over 30 years, noting that he was first diagnosed when he was approximately 27 years old. Plaintiff suffered from a variety of health issues but described his chronic fatigue to be the "most disabling," noting that he "forced [himself] to work when [he] wasn't able." R. 186.

---

[1] The Court will assume the reader is familiar with the basic Social Security abbreviations and jargon.
[2] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c).

1

In the last few years of work, Plaintiff's symptoms reportedly got worse and caused him to be more absent from work. Plaintiff ultimately retired in 2012, two years before he was eligible for full retirement benefits, because, he alleges, his chronic fatigue became disabling. Following retirement, Plaintiff reportedly slept for three to four days at a time, getting up only to use the bathroom and eat small meals. Plaintiff's self-reported symptoms included headaches, pain all over his body, short-term memory loss, tinnitus, irritable bowel syndrome, frequent urination, lightheadedness, difficulty concentrating, and heartburn. Plaintiff continued to take medication for his chronic fatigue but reported that it provided only minimal relief.

Although Plaintiff reported seeing multiple specialists and undergoing numerous tests approximately 20 years ago to resolve his chronic fatigue, Plaintiff's medical records contained in the administrative record only spanned from 2012 through March 2017. During that time, Plaintiff was being treated for his CFS by his primary care physician, Dr. Diane Zug. The first progress note dated June 19, 2012 states that Plaintiff has been dealing with his symptoms of chronic fatigue syndrome for over 30 years. He struggled to work due to his symptoms but was able to work. However, in the last few years he noted it was more and more difficult to get to work and he was missing more days of work. His symptoms included significant fatigue, including being unable to get out of bed at times, headaches, confusion, memory lapses, and pain. He also reported anxiety, diarrhea, and abdominal pain. R. 251–52. The remaining records from Dr. Zug consists of mainly annual physical examinations with his treatment being limited to prescriptions for Tramadol, Vyvanse, and Effexor. Plaintiff's reported symptoms and physical examinations remained mostly stable throughout his treatment with Dr. Zug. *See* R. 229–30, 237–39, 289–91, 319–20.

The ALJ ultimately denied Plaintiff's request for benefits. At step two of the sequential analysis, the ALJ found that Plaintiff suffered from affective disorder and anxiety disorder but found both impairments non-severe. The ALJ specifically found that Plaintiff's alleged CFS was not medically determinable. Because the ALJ determined that Plaintiff was not disabled at step two, she did not proceed with the remaining steps of the sequential evaluation process.

## II. Standard of Review

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If supported by substantial evidence, the Commissioner's factual findings are conclusive. *Id.* Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Accordingly, the reviewing court is not to "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] judgment for that of the Commissioner." *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019).

However, the Seventh Circuit has emphasized that review is not merely a rubber stamp. *Scott v. Barnhart*, 297 F.3d 589, 593 (7th Cir. 2002) (a "mere scintilla" is not substantial evidence). A reviewing court must conduct a critical review of the evidence before affirming the Commissioner's decision. *Eichstadt v. Astrue*, 534 F.3d 663, 665 (7th Cir. 2008). Even when adequate record evidence exists to support the Commissioner's decision, the decision will not be affirmed if the Commissioner does not build an accurate and logical bridge from the evidence to the conclusion. *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). Moreover, federal courts cannot build a logical bridge on behalf of the ALJ. *See Mason v. Colvin*, No. 13 C 2993, 2014 WL 5475480, at *5-7 (N.D. Ill. Oct. 29, 2014).

## III. Discussion

Plaintiff challenges the ALJ's determination that his CFS was not a medically determinable impairment at step two. At the outset, the Court notes that many of Plaintiff's arguments for remand are both undeveloped and unclear. It is not for this Court to develop Plaintiff's arguments or comb through the record to find support. *See Gross v. Town of Cicero, Ill.*, 619 F.3d 697, 704 (7th Cir. 2010) (explaining that it is not the court's "responsibility to research and construct the parties' arguments") (internal quotations omitted); *Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016) (finding perfunctory and undeveloped arguments forfeited). Accordingly, the Court will address only the specific issues raised in Plaintiff's opening brief and will not speculate as to possible arguments Plaintiff was attempting to make. *See Olsen v. Colvin*, 551 F. App'x 868, 875 (7th Cir. 2014) (noting that the claimant has the "burden to show that the ALJ's decision is not supported by substantial evidence"). Specifically, Plaintiff makes the following arguments for a remand: the ALJ misread Social Security Ruling 14-1p; the ALJ made multiple medical judgments without expert testimony; the ALJ inappropriately relied on normal physical examinations; the ALJ failed to develop the record; and the ALJ erred in according little weight to Dr. Zug's opinions.

A step two determination is typically only a threshold requirement. However, because the ALJ in this case did not proceed to the remainder of the evaluation process, it is dispositive of Plaintiff's disability determination. The parties do not dispute that Plaintiff was diagnosed with CFS or that Plaintiff repeatedly reported symptoms of disabling fatigue. The parties differ on whether the evidence in the record supports a finding that Plaintiff met the criteria for establishing a medically determinable impairment of CFS.

## A. ALJ Misread Social Security Ruling 14-1p

Social Security Ruling 14-1p outlines how an ALJ should determine whether a claimant's CFS is a medically determinable impairment. Generally, CFS is the presence of clinically evaluated, persistent or relapsing chronic fatigue that is of new or definite onset, is not caused by other disorders or ongoing exertion, is not substantially alleviated by rest, and results in substantial reduction in previous levels of occupational, educational, social, or personal activities. Diagnostic symptoms of CFS include postexertional malaise lasting more than 24 hours, self-reported impairments in short-term memory and concentration, sore throat, tender cervical or axillary lymph nodes, muscle pain, multi-joint pain without swelling or tenderness, headaches, and waking unrefreshed.[3] SSR 14-1p, 2014 WL 1371245, at *3. People with CFS may have co-occurring conditions such as fibromyalgia, irritable bowel syndrome, new allergies or sensitivities to foods or chemicals etc., or loss of thermostatic stability.

Social Security Ruling 14-1p recognizes that a physician's diagnosis of CFS alone is not enough to establish that CFS is a medically determinable impairment. For CFS to be considered a medically determinable impairment, a CFS diagnosis must also be accompanied by medical signs or laboratory findings. *Id.* at *2, 4. Such medical signs may include: palpably swollen or tender lymph nodes on physical examination; nonexudative pharyngitis; persistent, reproducible muscle tenderness on repeated examinations, including the presence of positive tender points; frequent viral infections with prolonged recovery; sinusitis; ataxia; extreme pallor; or pronounced weight changes. *Id.* There are also certain laboratory signs that establish the

---

[3] Other symptoms may include muscle weakness, disturbed sleep patterns, visual difficulties, orthostatic intolerance, respiratory difficulties, cardiovascular abnormalities, gastrointestinal discomfort, and urinary or bladder problems.

existence of CFS, including certain elevated antibody titers and abnormal MRI brain scans. *Id.* at *5.

Plaintiff argues that the ALJ misread Social Security Ruling 14-1p by finding that Dr. Zug needed to rule out other causes for Plaintiff's fatigue before diagnosing him with CFS. In doing so, Plaintiff acknowledges that Social Security Ruling 14-1p states that "a physician should make a diagnosis of CFS only after alternative medical and psychiatric causes of chronic fatiguing illness have been excluded." SSR 14-1p, 2014 WL 1371245, at *2 (internal quotations omitted). Nevertheless, Plaintiff goes on to argue that "nowhere in the SSR does it absolutely state that ruling out other conditions is required before the diagnosis is considered valid." Plaintiff's Brief at 7, Dkt. 9. This Court disagrees.

First, Social Security Ruling 14-1p, although not as explicit as Plaintiff would like, does require ruling out other causes before diagnosing CFS. The above quoted language cited by Plaintiff supports this determination. Additionally, one of the ALJ's reasons for discounting Dr. Zug's diagnosis was because she appeared to diagnose Plaintiff based solely on his reported symptoms. Social Security Ruling 14-1p specifically address this type of diagnosis, stating that "a physician can make the diagnosis of CFS based on a person's reported symptoms alone after ruling out other possible causes for the person's symptoms." SSR 14-1p, 2014 WL 1371245, at *4. Accordingly, Social Security Ruling 14-1p support the ALJ's finding that Dr. Zug was required to rule out other causes before diagnosing Plaintiff with CFS.

However, this does not end the discussion. Even if Dr. Zug was not required to rule out other causes, as Plaintiff argues, her diagnosis of CFS alone was not enough to prove a medically determinable impairment. "[T]here must also be medical signs or laboratory findings before we may find that a person has an MDI of CFS." SSR 14-1p, 2014 WL 1371245, at *4. Plaintiff has

failed to put forth any objective evidence to satisfy this explicit requirement for medical signs or laboratory findings. *See Id.* at *2, 4; *see also* 20 C.F.R. § 404.1521 (stating that a claimant's medically determinable impairments "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques").

The ALJ found that although Plaintiff reported symptoms that "could be signs of CFS," including abdominal muscle pain along with one episode of syncope and memory issues, there was no objective medical support for Plaintiff's self-reported symptoms. R. 22. The ALJ pointed to Dr. Zug's benign observations and mostly normal physical examinations and the psychological consultative examiner's finding that Plaintiff suffered no impairment in cognitive functioning.

Plaintiff does not dispute the ALJ's findings or otherwise point to any medical signs or laboratory findings suggesting that he suffered from CFS. At step two, it was Plaintiff's burden to establish a medically determinable impairment. *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (citing 42 U.S.C. § 423(d)(5)(A)). Although the medical records document Plaintiff's consistent complaints of disabling fatigue, Plaintiff has pointed to no medical signs or laboratory reports consistent with Social Security Ruling 14-1p to demonstrate that his CFS was medically determinable. *See Scheck v. Barnhart*, 357 F.3d 697, 702 (7th Cir. 2004) ("It is axiomatic that the claimant bears the burden of supplying adequate records and evidence to prove their claim of disability."); 20 C.F.R. § 404.1521 ("[A] physical or mental impairment must be established by objective medical evidence from an acceptable medical source. We will not use your statement of symptoms, a diagnosis, or a medical opinion to establish the existence of an impairment(s)."). Moreover, Plaintiff makes no argument that his subjective complaints alone are of such severity

7

that they qualify as medical signs under the regulations. Therefore, the evidence supports the ALJ's finding that Plaintiff's CFS was not medically determinable.

### B. ALJ Made Medical Judgments Without Expert Testimony

Plaintiff argues that the ALJ made "multiple medical judgments" when she determined that Dr. Zug's treatment notes were not consistent with a diagnosis of CFS. Plaintiff's Brief at 7, Dkt. 9. Plaintiff does not point out what medical judgments the ALJ made that require a remand. Plaintiff merely cites to Dr. Zug's treatment notes to argue that contrary to the ALJ's finding, Dr. Zug did rule out other causes for Plaintiff's fatigue.

This is the type of perfunctory and undeveloped argument that results in forfeiture. *See Crespo*, 824 F.3d at 674. Forfeiture aside, Plaintiff's argument still fails. First, it is unclear how the ALJ's review of Dr. Zug's treatment notes to determine if she ruled out other possible causes would be considered an inappropriate medical judgment. *Seamon v. Astrue*, 364 F. App'x 243, 247 (7th Cir. 2010) (finding that ALJs may not "play doctor" but must weigh the evidence and make appropriate inferences from the record); *see also* SSR 14-1p, 2014 WL 1371245, at *4 ("We will find that a person has an MDI of CFS if a licensed physician diagnosed CFS, *and this diagnosis is not inconsistent with the other evidence in the person's case record*.") (emphasis added). Second, even if the ALJ was wrong to conclude that Dr. Zug failed to rule out other causes for Plaintiff's fatigue, it does not require a remand because the regulations still require objective medical signs or laboratory findings before the ALJ can find that CFS is a medically determinable impairment. *See* SSR 14-1p, 2014 WL 1371245, at *4; *See* 20 C.F.R. § 404.1521 ("[A] physical or mental impairment must be established by objective medical evidence from an acceptable medical source. We will not use your statement of symptoms, a diagnosis, or a

medical opinion to establish the existence of an impairment(s)."). As stated above, Plaintiff has offered no signs or laboratory reports that are consistent with a diagnosis of CFS.

### C. ALJ Inappropriately Relied on Normal Physical Examinations

Plaintiff appears to be making the general argument that the ALJ and the Commissioner played doctor. Plaintiff takes issue with the ALJ and the Commissioner's reliance on normal or benign physical examinations, noting that Social Security Ruling 14-1p identifies only two physical abnormalities to support a diagnosis of CFS, namely swollen lymph nodes or tender muscles. Although Plaintiff makes this argument to claim that the ALJ should have ordered a second consultative examination, which the Court rejects below, Plaintiff also appears to be arguing that the ALJ was playing doctor by characterizing Dr. Zug's physical examinations as normal or benign. Plaintiff's argument on this issue is less than clear. Nevertheless, even with a generous interpretation of Plaintiff's argument, it fails for several reasons.

First, swollen lymph nodes and tender muscles are not the only objective medical findings available under the regulations. Social Security Ruling 14-1p also identifies nonexudative pharyngitis, frequent viral infections, sinusitis, ataxia, extreme pallor, and pronounced weight change as additional signs that may support a diagnosis of CFS. SSR 14-1p, 2014 WL 1371245, at *4. The record does not contain any evidence that any of these "signs" were noted on physical examination.

Second, Plaintiff provides no evidence that there were any other medical signs or abnormal physical findings in the record that were or could be consistent with a finding of CFS that the ALJ overlooked when characterizing Dr. Zug's physical examinations as normal or benign. *See* SSR 14-1p, 2014 WL 1371245, at *4 (identifying that in addition to the signs specifically listed, signs could also include "[a]ny other medical signs that are consistent with

9

medically accepted clinical practice and are consistent with the other evidence in the case record."); *Olsen*, 551 F. App'x at 874–75 ("The cases in which we have concluded that an ALJ 'played doctor' are ones in which the ALJ ignored relevant evidence and substituted her own judgment.") (citing cases). Furthermore, if Plaintiff is attempting to argue that normal examination findings are consistent with a diagnosis of CFS in this case, he has provided no evidence in support.

Lastly, the ALJ did not substitute her own judgement here by finding that Dr. Zug's physical examinations observed normal medical signs and her objective observations were benign. Social Security Ruling 14-1p specifically requires the identification of medical signs or laboratory findings in order to determine that CFS is a medically determinable impairment. Dr. Zug's physical examinations did not reveal any of these signs. The ALJ was not substituting her judgement for that of Dr. Zug's. Instead, the ALJ was reviewing Dr. Zug's treatment notes for objective medical evidence to support the CFS diagnosis. *See Henke v. Astrue*, 498 F. App'x 636, 640 (7th Cir. 2012) ("[T]he ALJ did not err or improperly 'play doctor' by examining the medical record and determining that Dr. Preciado's conclusions were unsupported by his own notes or contradicted by other medical evidence.").

The two cases Plaintiff cites do not change this result. *Moon v. Colvin*, 763 F.3d 718, 722 (7th Cir. 2014) dealt with an ALJ that relied on an unremarkable MRI as evidence that the plaintiff's migraines were not a significant problem without the support of a medical opinion on the topic. In *Darby v. Berryhill*, No. 16 CV 50336, 2017 WL 5903818, at *5 (N.D. Ill. Nov. 30, 2017), the court found that the state agency physicians did not support the ALJ's cursory listing analysis because their opinions were rendered before key evidence was uncovered about the plaintiff's condition and contained no analysis of why the listings were not met. Neither of these

cases lend support here because the ALJ neither ignored relevant evidence nor substituted her own judgment. Even if, as Plaintiff claims, the state agency physicians were required to specifically identify each objective normal finding by Dr. Zug, the ALJ reviewed Dr. Zug's treatment notes and came to the same conclusion. As stated above, the ALJ was on solid ground to characterize the objective examination findings as normal in light of the requirements under Social Security Ruling 14-1p. Therefore, the ALJ did not play doctor when she characterized Dr. Zug's examinations as "normal" in the context of evaluating whether Plaintiff's CFS diagnosis is supported by objective medical evidence.

### D. ALJ Failed to Develop the Record

As addressed above, Plaintiff disagrees with the ALJ's determination that his CFS was not medically determinable but has pointed to no objective evidence to support such a finding under the regulations. Instead, Plaintiff argues that a remand is required because the ALJ failed to develop the record. Specifically, Plaintiff argues that the medical consultative examiner failed to test him for swollen lymph nodes or tenderness of the muscles as possible medical signs that would support finding a medically determinable impairment. This Court disagrees that additional development was required.

As the Commissioner points out, both the consultative examiner and Dr. Zug found that Plaintiff had no lymphadenopathy, meaning no swollen lymph nodes.[4] Additionally, the consultative examiner found normal muscle tone, muscle mass, and senses in all extremities.

---

[4] Plaintiff makes an undeveloped argument that the Commissioner's citation to the consultative examiner's finding of no swollen lymph nodes violates the *Chenery* doctrine. Even if this argument is not deemed forfeited for being undeveloped, it is not the type of argument that must be rejected under the *Chenery* doctrine. The reference to the consultative examiner's finding is being used to show that the consultative examination was sufficient and that Plaintiff's only reason for requesting a second examination is discredited. Furthermore, the ALJ relied on Dr. Zug's benign physical findings when rejecting Plaintiff's CFS diagnosis. Part of Dr. Zug's findings included no swollen lymph nodes during any of her examinations of Plaintiff. R. 230, 238, 244, 252, 290.

Plaintiff offers no other reason for an additional consultative examination.[5]  Accordingly, Plaintiff's only argument for requesting a second consultative examination has been refuted.

A case record is "insufficient when it does not contain all the information we need to make our determination or decision." 20 C.F.R. § 404.1520b(b).  Here, in reviewing the evidence before the ALJ, she had sufficient evidence to make a determination.  Plaintiff's argument to the contrary is without merit.  *See Wilcox v. Astrue*, 492 F. App'x 674, 678 (7th Cir. 2012) ("Particularly in counseled cases, the burden is on the claimant to introduce some objective evidence indicating that further development is required.").

### E. ALJ Erred in According Little Weight to Dr. Zug's Opinions

Plaintiff's remaining argument, that the ALJ should have given more weight to Dr. Zug's opinions, similarly has no merit.  Plaintiff entire argument on the topic consists of the following four sentences:

> The ALJ gave these opinions little weight, because she felt they were not clear enough.  TR. 25.  However, pursuant to SSR 14-1p, she should have sought clarification of these opinions if she thought the diagnosis ambiguous.  For reasons mentioned above, the state agency doctors' opinions offered no clarification on Plaintiff's diagnosis.  As such, it was crucial that she give Dr. Zug an opportunity to clarify before discarding her opinions.

Plaintiff's Brief at 10, Dkt. 9.

---

[5] Plaintiff claims the consultative examiner concluded that his presentation was "consistent" with CFS and/or fibromyalgia.  Plaintiff's Brief at 8, Dkt. 9.  This is not what the report states.  The consultative examiner reported his physical findings and merely included chronic fatigue syndrome/fibromyalgia under the "impression" portion of his report.

Dr. Zug's opinions consisted of two letters that stated little more than Plaintiff is unable to work due to his medical conditions.[6] The ALJ gave both opinions little weight, noting that they provided no relevant evidence to support such a conclusory disability determination. The ALJ noted that Dr. Zug failed to specify any impairments or diagnosis, other than "chronic medical conditions," and failed to identify how these unidentified conditions limited Plaintiff's ability to work. R. 25. The ALJ reiterated that Dr. Zug's treatment notes and examinations do not shed any light on these opinions. The ALJ also noted that Dr. Zug was a family practitioner that did not specialize in mental health or CFS. Furthermore, the record reveled that two other doctors questioned Dr. Zug's diagnosis of CFS. These are all valid reasons for the ALJ to discount Dr. Zug's opinions. *See* 20 C.F.R. § 404.1527(c)(1)–(5).

Not only is Plaintiff's argument on this issue perfunctory, but it also has no merit. Plaintiff has not challenged the ALJ's substantive reasons for discounting Dr. Zug's opinions. Plaintiff claims only that the ALJ should have sought clarification "if she thought the diagnosis ambiguous." Plaintiff's Brief at 10, Dkt. 9. Yet, nowhere in Dr. Zug's opinions does she provide a diagnosis or otherwise explain what Plaintiff's "chronic medical conditions" are or

---

[6] Dr. Zug's opinions consisted of two letters from September 2012 and October 2016. The letters stated the following:

> Mark is a patient of mine. He is currently on leave from work due to chronic medical conditions that inhibit his ability to perform his job. He is awaiting a decision from his application for disability. He is at this time unable to perform his job due to medical reasons. This is a request to extend his medical leave of absence until 9/30/12.

R. 225 (September 2012 letter).

> I am a Family Practitioner and Mark is a patient of mine. He has chronic medical conditions that are incapacitating and disabling. Due to this incapacity, he is unable to work any length of time, for any job. His medical conditions are chronic and will not improve. Please take this into consideration when reviewing his case.

R. 310 (October 2016 letter).

13

how they are disabling. Therefore, substantial evidence supports the ALJ's decision to discount Dr. Zug's conclusory opinions.

## IV. Conclusion

For the reasons stated in this Opinion, Plaintiff has failed to prove the existence of CFS through medical signs or testing. *See Kinsey v. Berryhill*, No. 2:16-CV-69-PRC, 2017 WL 1101140, at *7 (N.D. Ind. Mar. 24, 2017) (finding that plaintiff did not meet her burden of proving a medically determinable impairment of multiple sclerosis where she points to no evidence of medical signs, imaging, or clinical findings to support a diagnosis and none of her medical records contain the actual diagnosis or its medical basis and instead simply list or mentions a historical diagnosis). Therefore, substantial evidence supports the ALJ's determination that there was insufficient evidence that Plaintiff has a medically determinable impairment of CFS. Accordingly, Plaintiff's motion for summary judgment is denied, and the Commissioner's motion is granted. The decision of the Commissioner is affirmed.

Date: March 4, 2020          By: *Lisa A. J.*
                                                    Lisa A. Jensen
                                                    United States Magistrate Judge